**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID TRAPP,

                                Petitioner,

              - v -                              Civ. No. 9:07-CV-893
                                                          (GLS/RFT)

THOMAS POOLE,

                                Respondent.

**APPEARANCES:**                            **OF COUNSEL:**

DAVID TRAPP
Petitioner, *pro se*
01-B-2436
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

HON. ANDREW M. CUOMO                PRISCILLA I. STEWARD, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Presently before the Court is David Trapp's *pro se* Petition for a Writ of *Habeas Corpus*, brought pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Pet. Trapp raises the following grounds for *habeas* relief: his guilty plea was involuntary because (1) the trial judge did not apprise him of a mandatory five (5) year post-release supervision term that was part of his sentence and (2) the trial judge did not inquire about his mental defect affirmative defense during the plea allocution; and (3) his sentence was unduly harsh and excessive. *Id.* at pp. 7-8. For the reasons that follow, it is

recommended that the Petition be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Petitioner was indicted on the following charges in connection with his participation in a March 29, 2001 robbery of a laundromat located in Auburn, New York: Robbery in the First Degree (N.Y. PENAL LAW § 160.15(3)), Robbery in the Second Degree (N.Y. PENAL LAW § 160.10(1)), Conspiracy in the Fourth Degree (N.Y. PENAL LAW § 105.10(1)), Menacing in the Second Degree (N.Y. PENAL LAW § 120.14), Reckless Endangerment in the First Degree (N.Y. PENAL LAW § 120.25), Unlawful Imprisonment in the First Degree (N.Y. PENAL LAW § 135.10), Criminal Possession of Stolen Property in the Fifth Degree (N.Y. PENAL LAW § 165.40), and Criminal Possession of a Weapon in the Third Degree (N.Y. PENAL LAW § 265.02(1)).  State Court R. (hereinafter "R."), Ex. C, Pet'r App. Div. Br., Attach., Indictment No. 2001-037.

On September 14, 2001, Petitioner pleaded guilty to Robbery in the First Degree (N.Y. PENAL LAW § 160.15(3)) in satisfaction of the entire Indictment. R., Ex. A, Plea Hr'g Tr., dated Sept. 14, 2001, at p. 9. On that same day, the Honorable Peter E. Corning, New York State Cayuga County Court Judge, sentenced Petitioner to a determinate period of fifteen (15) years of incarceration. R., Ex. B, Sentencing Hr'g Tr., dated Oct. 26, 2001, at pp. 6-7.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, on the grounds that (1) his plea was involuntary because the trial court failed to inquire about his mental defect affirmative defense during the plea allocution, and (2) that his sentence was harsh and excessive. R., Ex. C, Pet'r App. Div. Br. at pp. 6-7. The Appellate Division denied those claims and affirmed Petitioner's conviction. *People v. Trapp*, 15 A.D.3d 916 (N.Y. App. Div. 4th Dep't 2005). Petitioner's application for leave to appeal to the Court of Appeals was also denied. *People*

*v. Trapp*, 4 N.Y.3d 891 (2005).

Subsequently, Petitioner filed a Motion to Vacate the Judgment pursuant to N.Y. CRIM. PROC. LAW (CPL) § 440.10 on the grounds that his plea was involuntary and unknowingly entered because (1) the trial court failed to advise him of a mandatory five (5) year post-release supervision ("PRS") term included in his sentence, and (2) his mental defects prevented his voluntary and knowing plea and waiver of his constitutional rights. R., Ex. H, Pet'r § 440 Mot., dated June 23, 2006, at pp. 2-8. The Cayuga County Court denied Petitioner's § 440 Motion as well as his subsequent motion to reargue. R., Exs. K & N, Orders, dated Oct. 3 and Dec. 18, 2006. Petitioner appealed the denial of his § 440 Motion to the Appellate Division, Fourth Department, which denied him permission to appeal. R., Ex. O, Order, dated June 2, 2007.

Petitioner timely filed the instant *Habeas* Petition on July 10, 2007.[1] Dkt. No. 1.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

---

[1] On July 30, 2007, the Honorable William M. Skretny, United States District Court Judge, transferred this case to this district from the Western District of New York. Dkt. No. 3.

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Validity of Petitioner's Guilty Plea

The Due Process Clause of the Fifth Amendment requires guilty pleas to be voluntary and intelligent in order to withstand constitutional muster. *Brady v. United States*, 397 U.S. 742, 747-48 (1970). "To determine the voluntariness of a plea, the court should consider all of the relevant circumstances, including the possibility of a heavier sentence . . . [as well as] whether the court addressed the defendant and explained his options." *Bello v. People*, 886 F. Supp. 1048, 1054 (W.D.N.Y. 1995) (citing *Magee v. Romano*, 799 F. Supp. 296, 300 (E.D.N.Y. 1992)). Courts will

also look to see whether the plea was entered into with the advice of counsel. *United States v. Broce*, 488 U.S. 563, 572 (1989). Pleading guilty with the aim of reducing the possible penalty has no bearing on voluntariness or on counsel's effectiveness. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

In this case, Petitioner asserts his guilty plea was involuntary and unknowingly entered because the trial judge did not (1) inform him of a mandatory five (5) year PRS term, nor (2) inquire about his mental defect affirmative defense during the plea allocution. We address these claims in order.

1. *Failure to Include Post-Release Supervision Term in Plea Colloquy*

Upon the advice of counsel, Petitioner agreed to plead guilty to Robbery in the First Degree in full satisfaction of all the charges brought against him. As reflected in portions of the plea colloquy entered below, at the time the plea was entered, no promises were made to Plaintiff regarding the sentence he was to receive.

| | |
|---|---|
| COURT: | Your attorney has indicated you wish to enter a plea of guilty to Count One of the indictment charging robbery in the first degree alleging that on or about March 29, 2001 at the Clean Town Laundry on Seminary Street that you forcibly stole property from another individual and that you were armed with a knife and threatened the individual with that knife. Do you understand those to be the charges against you? |
| DEFENDANT: | Yes. |
| COURT: | To which you – your attorney indicates you want to plead guilty. Do you wish to plead guilty to that charge? |
| DEFENDANT: | Yes. |
| COURT: | And are you pleading guilty to that charge because you are guilty of that charge? |

| | |
|---|---|
| DEFENDANT: | Yes. |
| COURT: | Now as you stand before this Court you have the right to have an attorney with you. Mr. Taylor is representing you. Are you satisfied with the services rendered in your behalf? |
| DEFENDANT: | Yes. |
| COURT: | You have a right to remain silent; but if you plead guilty, you're giving up the right to remain silent. Do you understand that? |
| DEFENDANT: | Yes. |
| COURT: | You have the right to go to trial, confront the witnesses against you. You have the right to testify in your own behalf. You have the right to have a jury decide your guilt or your innocence; but if you plead guilty, you're giving up that right also. Do you understand that? |
| DEFENDANT: | Yes. |
| COURT: | Do you have any physical or mental disabilities which would interfere with your ability to stand before this Court and enter an intelligent and voluntary plea? |
| DEFENDANT: | No. |
| COURT: | Is that no? |
| DEFENDANT: | No. |

* * *

| | |
|---|---|
| COURT: | Now robbery in the first degree is a Class B felony, punishable by up to 25 years in state prison. If you had a prior felony conviction within the last ten years, the Court of necessity would have to sentence you to an enhanced term of imprisonment other than what would be imposed if you were a first felony offender. Do you understand that, Mr. Trapp? |
| DEFENDANT: | Yes. |

* * *

| | |
|---|---|
| THE COURT: | What's being said is that at the time, if you enter a plea of guilty and I accept it, to robbery in the first degree, I will order a pre-sentence report; and whereas I don't know much about you now, I'll know a lot more about you after I get that report. Do you understand that? |
| DEFENDANT: | Yes. |
| COURT: | And at that time I will impose whatever sentence I feel is fair. It might be 25 years, but in any event, I will certainly listen to the recommendation of your attorney, the recommendations of the District Attorney. I will listen to the recommendations even of you at the time of sentencing but I'm not making you any promises at this point in time. Do you understand that? |
| DEFENDANT: | Yes. |
| COURT: | Has anybody threatened you or coerced you to enter this plea? |
| DEFENDANT: | No. |
| COURT: | Is it voluntarily made by you? |
| DEFENDANT: | Yes. |
| COURT: | Tell me what you did. |
| DEFENDANT: | Well, I went to the laundromat and went behind the counter, held the knife to the guy's throat and told him I want his money. |
| COURT: | Okay. What did you say to him when you held the knife to his throat? |
| DEFENDANT: | I told him I want, I want your money or unless I have [sic] to kill you. |
| COURT: | Unless I have to kill you. All right. As to the charge of robbery in the first degree, how do you plead, guilty or not guilty? |

      DEFENDANT:      Guilty.

      COURT:      I'll accept your plea.

Plea Hr'g Tr. at pp. 3-8.

Thus, Petitioner was put on notice that the trial court's acceptance of his guilty plea could result in a sentence of up to twenty-five (25) years imprisonment. In the end, Judge Corning sentenced Petitioner to a determinate term of fifteen (15) years of incarceration, but did not mention the mandatory five (5) year PRS term that was included in his sentence. *See generally* R. Ex. B, Sentencing Tr. Under New York law, any person sentenced to a determinate prison term must be placed, with certain exceptions not applicable in Petitioner's case, on a mandatory five (5) year PRS period following his incarceration. *See* N.Y. PENAL LAW §§ 70.00(6) & 70.45(1)-(2). Petitioner alleges, as he did in his § 440 Motion, that the trial court's failure to mention the aforementioned PRS period rendered his plea involuntary. Judge Corning denied Petitioner's § 440 Motion on the grounds that Petitioner "was aware that his jeopardy in entering a voluntary plea was twenty five years in prison" and as such, "he received less than what he bargained for." R., Ex. K, Order at p. 3.

The Second Circuit has held that "error is harmless where the district court misinforms a defendant of the applicable supervised release term and the total sentence of imprisonment and supervised release actually imposed is less than that described during the plea allocution." *United States v. Andrades*, 169 F.3d 131, 134 (2d Cir. 1999) (citations omitted). Although *Andrades* involved a direct appeal of a guilty plea entered in federal court, pursuant to FED. R. CRIM. P. 11, and not a § 2254 *habeas* petition as here, the harmless error analysis is equally applicable in either scenario because the ultimate question of whether the plea was knowing and voluntary is the same. *See Kazmirski v. Poole*, 2005 WL 3262973, at *1-2 (N.D.N.Y. Dec. 1, 2005) (denying a § 2254

*habeas* petition on the grounds of harmless error where the trial court failed to inform petitioner of a mandatory PRS period) (citing *Andrades*); *see also Williams v. Giambruno*, 2007 WL 1395447, at *7 (N.D.N.Y. May 11, 2007).

In this case, at the time Petitioner entered his plea, the trial court informed him that he could receive a maximum sentence of up to twenty-five (25) years imprisonment. The trial court later sentenced Petitioner to fifteen (15) years incarceration which, though unmentioned by the court, included a mandatory five (5) year PRS period. Thus, the aggregate sentence of twenty years (15 incarceration plus 5 post-release supervision) was less than the twenty-five (25) year maximum Petitioner could have received. Therefore, the trial court's failure to inform Petitioner about the mandatory five (5) year PRS term constituted harmless error in terms of the validity of Petitioner's plea and its denial of Petitioner's § 440 Motion on that ground was not incongruent with clearly established Second Circuit precedent. *See United States v. Andrades*, 169 F.3d at 131.

However, construing Trapp's *pro se* Petition liberally and reading the arguments raised in his § 440 Motion and Traverse with an open eye, he has challenged not only the validity of his plea, but also the validity of his sentence inasmuch as it was made to include a PRS term that was not annunciated by the trial court at sentencing. R. Ex., H, Pet'r § 440 Mot. at ¶¶ 22 & 25 (alleging a due process violation stemming from the trial court's failure to inform him of the mandatory PRS term), Dkt. No. 16, Traverse, at pp. 4-6 (same); *see also Larweth v. Conway*, 493 F. Supp. 2d 662, 676-77 (W.D.N.Y. 2007) (citing cases for the proposition that "[b]oth the Supreme Court and Second Circuit clearly have confirmed that *pro se* litigants generally are entitled to have the courts liberally construe their pleadings, which should be read to raise the strongest arguments that they suggest" and construing a *habeas* petition liberally to raise a due process claim based on non-

disclosure of a PRS term despite petitioner's failure to specifically ask for vacatur of his sentence). And, although the trial court's error was harmless as to the validity of Petitioner's plea, for the reasons explained below, it was not so as to the validity of his sentence.

Petitioner asserts in his Traverse, as he did in his § 440 Motion, that his five (5) year PRS term was administratively added to his sentence by the New York State Department of Correctional Services ("DOCS") after his sentencing hearing.[2] Traverse at pp. 4 & 6; Pet'r § 440 Mot. at ¶ 10. In *Earley v. Murray*, 451 F.3d 71, 75-76 (2d Cir. 2006), the Second Circuit clearly established the unconstitutionality of DOCS' administrative imposition of a PRS term on an inmate's sentence when the trial judge does not include such term in his sentence of record. Relying on *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), the Second Circuit found the petitioner's PRS term in that case to be unconstitutionally imposed. In *Wampler*, a criminal defendant was orally sentenced by a trial judge to both a period of incarceration and a monetary fine. Although unmentioned by the trial judge as a part of the petitioner's sentence, the clerk of the court, on his own initiative and in accordance with the local practice, added the condition that the defendant was to remain in jail until the fine was paid. In an opinion authored by Justice Benjamin Cardozo, the Supreme Court granted the defendant's *habeas* petition, holding that

> [t]he only sentence known to the law is the sentence or judgment entered upon the records of the court. If the entry is inaccurate, there is a remedy by motion to correct

---

[2] Although we do not have a copy of Petitioner's "time computation sheet," which would ostensibly reflect the addition of the five (5) year PRS term by DOCS, the record is clear that such term was somehow added to Petitioner's sentence after the fact. The trial court mentioned no such PRS term at sentencing, nor does Petitioner's Commitment Order reflect a PRS term, R., Exs. B, Sentencing Hr'g Tr. & C, Pet'r App. Div. Br., Attach., Sentence and Commitment Order, dated Oct. 26, 2001, and the trial judge, in deciding Petitioner's § 440 Motion, acknowledged that the PRS term had nonetheless been made part of the sentence, R., Ex., K, Order on Pet'r § 440 Motion (noting that a five (5) year PRS term was added to Petitioner's sentence). Thus, it is no leap of faith to give credence to Petitioner's claim that DOCS administratively added his PRS term.

>it to the end that it may speak the truth. But the judgment imports verity when collaterally assailed. Until corrected in a direct proceeding, it says what is was meant to say, and this by an irrebuttable presumption.

*Wampler*, 298 U.S. at 464 (citations omitted).

The Court went on to state that "[a] warrant of commitment departing in the matter of substance from the judgment back of it is void," and that a convicted criminal defendant is "detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence." *Id.* at 465 (citations omitted).

Based on *Wampler*, the Second Circuit concluded in *Earley* that "[t]he state court's determination that the addition to [petitioner's] sentence by DOCS was permissible is therefore contrary to clearly established federal law as determined by the United States Supreme Court." *Earley v. Murray*, 451 F.3d at 76. In 2008, the New York State Court of Appeals addressed the same issue and arrived at the same conclusion as did the Second Circuit in *Earley*. *Garner v. New York State Dep't of Corr. Servs.*, 10 N.Y.3d 358, 363 (2008). In that same year, the New York State legislature enacted N.Y. CORR. LAW § 601-d, which created a re-sentencing procedure for defendants, like Petitioner, who were not informed of a mandatory PRS term by the sentencing court, but were nonetheless assessed such penalty administratively by DOCS.

As in *Earley*, the sentence Petitioner was assessed by the trial court did not include a PRS term. *See generally* Sentencing Hr'g Tr. Thus, the administrative imposition of the PRS term violated Petitioner's due process rights. Therefore, we recommend that the *Habeas* Petition be **granted** on this ground and the five (5) year PRS term excised from Petitioner's sentence.[3] *Earley*

---

[3] Should the District Court adopt this Report-Recommendation and Order, nothing would prevent the Respondent from moving to modify Petitioner's sentence in the New York Courts. *See Earley v. Murray*, 451 F.3d at 77 n.2 ("It is not clear whether such a motion could be made at this time under New York law, which appears to require such motions to be filed within one year of the entry of judgment. N.Y. CRIM. PROC. LAW § 440.40. Any such questions
(continued...)

*v. Murray*, 451 F.3d at 77 (granting the *habeas* petition and "excising the term of post-release supervision from [his] sentence and relieving him of any subsequent penalty or other consequence of its imposition."); *see also Walker v. Perlman*, 556 F. Supp. 2d 259, 269-70 (S.D.N.Y. 2008) (granting *habeas* petition when PRS term was not included in the sentence), *Hill v. Mance*, 598 F. Supp.2d 371, 380 (W.D.N.Y. 2009) (same), *Larweth v. Conway*, 493 F. Supp. 2d at 677-78 (same), *Boyer v. Miles*, 2008 WL 2433534, at *2 (N.D.N.Y. June 12, 2008) (granting *habeas* relief upon the consent of respondent where PRS term was not included in the trial court's sentence but was later administratively added by DOCS).

### 2. *Trial Court's Failure to Inquire about Mental Defect Defense*

Petitioner asserts his plea was defective because the trial court did not inquire about his possible affirmative defense of the existence of a mental defect. Pet. at p. 8. According to Petitioner, the trial court was "put on notice of facts constituting a potential [mental defect] defense" when Petitioner filed a notice of intent to produce psychiatric evidence at trial. *Id.* On direct appeal, Petitioner argued that the trial court "was required to make further inquiry to assure itself that [Petitioner] was waiving the [mental defect] defense" before accepting the plea. R., Ex. C, Pet'r App. Div. Br. at p. 6. The Appellate Division held that Petitioner "failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for [the court's] review his contention that the plea allocution was factually insufficient." *People v. Trapp*, 15 A.D.3d 916. The Appellate Division also noted that during his plea allocution Petitioner "specifically denied that he had any mental disability that would affect his ability to enter a voluntary plea of guilty." *Id.*

Federal *habeas* review of a state-court conviction is prohibited if a state court rested its

---

³(...continued)
will be for the New York courts to decide in the event such an application is made.").

judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted); *see also Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. at 729 (citation omitted). The independent and adequate state ground doctrine is jurisdictional, thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of federal claims in a *habeas* petition. *Harris v. Reed*, 489 U.S. at 264 n.10.

In this case, the Appellate Division found that Petitioner failed to preserve his sufficiency of the plea that claim by making a timely motion to withdraw his plea or vacate the judgment.[4] *People v. Brown*, 779 N.Y.S.2d 372 (citing *People v. Lopez*, 525 N.E.2d 5, 6 (N.Y. 1988)). New York's contemporaneous objection rule, codified as N.Y. CRIM. PROC. L. § 470.05(2), requires that in order to preserve a claim for appeal, a defendant must make his objection known at the time of a trial or proceeding, so as to give the trial court the opportunity to remedy its own errors. The Second Circuit Court of Appeals has "observed and deferred" to New York's contemporaneous objection rules as a bar to federal *habeas* review. *Garcia v. Lewis*, 188 F.3d at 79 (citing, *inter alia*, *Bossett v. Walker,* 41 F.3d 825, 829 n.2 (2d Cir. 1994)); *see also Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (violation of the contemporaneous objection rule is an adequate and independent state ground). It is clear that the Appellate Division based its denial of this claim on an adequate and independent state ground, and therefore, the federal claim was procedurally defaulted in state

---

[4] We note that Petitioner's § 440 Motion was filed subsequent to his direct appeal. *See supra* Part I.

court. Accordingly, federal review is barred, unless Petitioner demonstrates cause for the default and resulting actual prejudice, or alternatively that failure to review the claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 748-50.

To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule. *Coleman v. Thompson*, 501 U.S. at 753, *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Bossett v. Walker*, 41 F.3d at 829 (citing *Murray*); *United States v. Helmsley*, 985 F.2d 1202, 1206 (2d Cir. 1992).

Petitioner has offered no basis to justify his failure to preserve this claim. When, as here, a petitioner has failed to establish adequate cause for his procedural default, the court need not determine whether he suffered prejudice, since federal *habeas* relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Stepney v. Lopes*, 760 F.2d 40, 43-45 (2d Cir. 1985); *Long v. Lord*, 2006 WL 1977435, at \*6 (N.D.N.Y. Mar. 21, 2006).

Finally, Petitioner has failed to demonstrate or even argue that failure to consider this claim would result in a fundamental miscarriage of justice, which "occurs only in those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Rodriguez v. Mitchell*, 252 F.3d 191, 204 (2d Cir. 2001) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). There is simply nothing in the record before us to indicate that Petitioner did not commit the crime he confessed to during his Plea Hearing.

Even assuming, *arguendo*, that this claim was not procedurally barred, it would still fail on its merits. As the plea colloquy transcribed above shows, Judge Corning specifically asked Petitioner if he had any mental or physical disabilities that would prevent his knowing and intelligent guilty plea, to which Petitioner responded he did not. Plea Hr'g Tr. at p. 4. Statements made at a plea allocution "'carry a strong presumption of verity.'" *United States v. Maher,* 108 F.3d 1513, 1530 (2d Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Moreover, as Respondent notes, the trial judge was not required to inform Petitioner or inquire about any potential defenses to the charges brought against him. *See Mitchell v. Scully*, 746 F.2d 951, 956 (2d Cir. 1984) (holding that "due process does not require that a defendant be advised of every basis on which he might escape or receive a lesser punishment for the offense that he has committed") (cited in *James v. Senkowski*, 1998 WL 217903, at *10 (S.D.N.Y. Apr. 29, 1998) for the proposition that the Constitution does not require a trial court to warn a defendant of possible affirmative defenses in order to create a valid plea) . Nor did Petitioner say anything during the plea hearing indicating to the trial court that his guilt was not certain or that he did not understand the nature of the charges against him. "When a defendant fails to bring any matter to the trial court's attention, such as a denial of guilt, that would suggest the need for a factual inquiry, one is not required." *Tate v. Wood*, 963 F.2d 20,  23 (2d Cir. 1992).

For the above reasons, we recommend that the Petition be **denied** on this ground.

### C.  Unduly Harsh and Excessive Sentence

In the final ground of his Petition, Trapp asserts that his sentence was unduly harsh and excessive. Pet. at p. 8. Respondent asserts that this claim is unexhausted because although

Petitioner raised it on direct appeal, he did not do so in constitutional terms. Dkt. No. 11, Resp't Mem. of Law at pp. 8-9.  It is true that Petitioner did not cite to any federal cases nor mention the Constitution in his Appellate Brief, R., Ex. C, Pet'r App. Div. Br. at p. 7, however, given the commonplace nature of this claim in appellate and *habeas* litigation, we believe Petitioner sufficiently asserted a claim that calls "to mind a specific right protected by the Constitution" and a fact pattern that "is well within the mainstream of constitutional litigation."  *Daye v. Att'y Gen. of the State of New York*, 696 F.2d 186, 194 (2d Cir. 1982).  Therefore, we will treat this claim as exhausted.

Petitioner pleaded guilty to one count of Robbery in the First Degree, a class B violent felony under New York law.  N.Y. PENAL LAW §§ 160.15(3) & 70.02(1)(a).  The sentencing range for conviction of such crime is five (5) to twenty-five (25) years imprisonment.  *Id.* at § 70.02(2)(a) & 3(a).  Thus, Petitioner's fifteen (15) year sentence (plus the mandatory 5 year PRS term) falls within that statutory range.  It is firmly established that "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)(citation omitted); *Mayerhofer v. Bennett*, 2007 WL 1624767, at *7 (N.D.N.Y. June 6, 2007).  Since the imposed sentence was within the statutory range, this theory cannot afford Petitioner relief.

To the extent that Petitioner's claim could be viewed as a challenge under the Eighth Amendment's prohibition of cruel and unusual punishment, that claim also fails.  The Eighth Amendment forbids only extreme sentences which are "grossly disproportionate" to the crime of conviction.  *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991).  It is well-established that a sentence of imprisonment that is within the limits of a valid

state statute is not cruel and unusual punishment in the constitutional sense. *See White*, 969 F.2d at 1383; *Lou v. Mantello*, 2001 WL 1152817, at *13 (E.D.N.Y. Sept. 25, 2001). The Supreme Court has held that, for offenses less than manslaughter, sentences longer than twenty-five (25) years are not grossly disproportionate. *See Staubitz v. Lord*, 2006 WL 3490335, at *2 (E.D.N.Y. Dec. 1, 2006) (citing *Ewing v. California*, 538 U.S. 11, 30-31 (2003) (25 years to life for grand theft) and *Harmelin*, 501 U.S. 957, 961-62 (1991) (life in prison without the possibility of parole for cocaine possession)). Petitioner's sentence was not contrary to or an unreasonable application of that precedent. Since the sentence imposed was plainly within the limits authorized by statute, and was not grossly disproportionate to the crime of conviction, this ground of the Petition should be **denied**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **GRANTED IN PART** and **DENIED IN PART** in accordance with the above opinion. This Recommendation is not intended to preclude the Respondent from moving in the New York Courts to modify Petitioner's sentence in order to add the mandatory post-release supervision term of five (5) years; and it is further

**RECOMMENDED**, that with respect to the claims for which we recommend dismissal, because Petitioner has not made a "substantial showing of the denial of a constitutional right," pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of those claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000) *cert. denied*, 531 U.S.

873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  March 5, 2010
         Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge