UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID TRAPP,

                Petitioner,            9:07-cv-893
                                                      (GLS/RFT)
       v.

THOMAS POOLE,

                Respondent.
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PETITIONER:**
David Trapp
Pro Se
01-B-2436
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733


**FOR THE RESPONDENT:**
HON. ANDREW M. CUOMO        PRISCILLA I. STEWARD
New York State Attorney General  PAUL B. LYONS
The Capitol                            Assistant Attorneys General
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se petitioner David Trapp filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging, *inter alia*, that his New York State guilty plea to robbery in the first degree was involuntary. (Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed March 5, 2010, Magistrate Judge Randolph F. Treece recommended that Trapp's petition be granted in part and denied in part.[1] (Dkt. No. 17.) Pending are Poole's objections to the R&R. (Dkt. Nos. 18, 19.) For the reasons that follow, the R&R is adopted in part and rejected in part, and Trapp's petition for a writ of habeas corpus is dismissed in its entirety.

### **II. Background**

On September 14, 2001, petitioner David Trapp pleaded guilty to robbery in the first degree, N.Y. PENAL LAW § 160.15(3). (R&R at 2, Dkt. No. 17.) During the plea colloquy, the trial court informed Trapp that its acceptance of his guilty plea could result in a sentence of up to twenty-five years imprisonment. (*Id.* at 7.) Ultimately, Trapp was sentenced to a

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

determinate term of fifteen years imprisonment.  (*Id.* at 8.)  However, the trial judge failed to inform Trapp that his sentence included a mandatory term of five-year post-release supervision (PRS).[2]  (*Id.*)  Nonetheless, following Trapp's sentencing hearing, the five-year term of PRS was administratively added to Trapp's sentence by the New York State Department of Correctional Services (DOCS).  (*Id.* at 10.)

Based in part on the judge's failure to inform him of the PRS term, Trapp filed his habeas petition, alleging that his plea was involuntary.  (Dkt. No. 1.)  In the R&R, Judge Treece concluded that the sentencing judge's error was harmless and did not invalidate the plea.[3]  (R&R at 9, Dkt. No. 27.)  Judge Treece further concluded, however, that the administrative imposition of a PRS term on Trapp's sentence violated Trapp's due process rights since the term was not included in the trial judge's sentence of record.  (*See id.* at 10-12.)  Based on that conclusion, Judge Treece recommended that Trapp's habeas petition be granted and that the five-

---

[2]Under New York law, any person sentenced to a determinate prison term must be placed, with exceptions not applicable here, on PRS for a period of five years.  *See* N.Y. PENAL LAW §§ 70.00(6), 70.45(1)-(2).

[3]Specifically, Judge Treece explained that the error was harmless because "the aggregate sentence of twenty years (15 incarceration plus 5 post-release supervision) was less than the twenty-five (25) year maximum [Trapp] could have recieved."  (R&R at 9, Dkt. No. 17.)

3

year PRS term be excised from Trapp's sentence.  (*Id.* at 11.)  Pending are Poole's objections to the R&R.  (Dkt. Nos. 18, 19.)

### III.  Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### IV.  Discussion

**A.    Habeas Corpus Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant a writ of habeas corpus on behalf of a state prisoner if the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2); *see also Bonner v. Ercole*, 338 Fed. Appx. 61, 62 (2d Cir. 2009) (unpublished).

**B.     Objections**

Poole challenges the R&R in two respects.  First, while not specifically objecting to Judge Treece's conclusion that the trial judge's error was harmless, Poole requests that Trapp's claim based on the voluntariness of his plea be denied on the additional, alternative ground that "there is no clearly established Supreme Court precedent [holding] that a plea court must advise a defendant of mandatory post-release supervision." (*See* Resp't Objections at 1, Dkt. No. 18.)[4]  As an initial matter, because the court discerns no clear error in Judge Treece's conclusion with respect to the voluntariness of Trapp's plea, that conclusion is adopted.  The court further concludes that Trapp's claim should also be denied on the additional basis proffered by Poole.  As the Second Circuit stated in *Bonner* :

---

[4]The court notes that this argument was made in Poole's original opposition papers. (*See* Resp't Mem. of Law. at 17-19, Dkt. No. 11.)

5

> Because the Supreme Court has not considered the issue of whether a trial court's failure to inform a defendant of a mandatory term of supervised release makes the subsequent plea involuntary—and, indeed, has expressly reserved the very similar question of whether a trial court must inform a defendant of a mandatory parole requirement—we conclude that the state court has not "unreasonably applied clearly established Federal law."

338 Fed. Appx. at 62 (citations omitted). Accordingly, as in *Bonner*, the court finds that the state court's failure to inform Trapp of the PRS term did not result from the unreasonable application of "clearly established Federal law." For this reason and the reason articulated in the R&R, the court adopts Judge Treece's recommendation to deny Trapp's petition as to the voluntariness of his plea.

Poole's second challenge to the R&R relates to Judge Treece's conclusion that Trapp's due process rights were violated and that the PRS term should therefore be excised from Trapp's sentence. (*See* Resp't Objections at 2, Dkt. No. 18.) In this respect, Poole argues that Judge Treece's recommendation should be rejected because the issue has been rendered moot by Trapp's subsequent resentencing, which eliminated all post-release supervision from Trapp's sentence.[5] (*Id.*; *see also* Dkt. No.

---

[5]On November 6, 2008, subsequent to the filing of Poole's opposition papers, Trapp was resentenced to a determinate term of fifteen years imprisonment and no post-release

6

19:1.) The court agrees.

Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to "cases or controversies." *See ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 94 (2d Cir. 2007). Thus, a case should be dismissed as moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted). Here, the appropriate remedy for the due process violation suffered by Trapp is resentencing. *See Earley v. Murray*, 451 F.3d 71, 75-77 (2d Cir. 2006)[6]; *People v. Sparber*, 10 N.Y.3d 457, 471 (N.Y. 2008). Thus, because Trapp has already been resentenced to a term not including PRS, his due process claim is dismissed as moot. *See, e.g.*, *Edwards v. New York*, No. 08 Civ. 0112, 2009 WL 4016412, at *2 (S.D.N.Y. Nov. 18, 2009) (holding that petitioner whose due process rights were violated by DOCS's

---

supervision. (*See* Dkt. No. 19:1.)
　[6]Similar to this case, the petitioner in *Earley* pleaded guilty to attempted burglary and was sentenced to a determinate term of imprisonment, but no term of PRS was imposed by the sentencing judge. *Earley*, 451 F.3d at 73. Rather, it was after petitioner's sentencing that DOCS administratively, and without notifying petitioner, added a PRS term to his sentence. *Id.* The Circuit held that this administrative imposition of PRS by DOCS violated petitioner's due process rights and noted that the "appropriate remedy" for such a violation would be resentencing. *Id.* at 75-77.

7

administrative imposition of PRS was moot because petitioner had been resentenced); *cf. Lin v. Filion*, No. 02 Civ. 2878, 2004 WL 911777, at *10 (S.D.N.Y. Mar. 19, 2004) (holding that claim based on sentencing error was moot where state court had remanded petitioner's claim for resentencing).

Accordingly, in light of Trapp's resentencing, the court rejects the R&R's recommendation that Trapp's petition should be granted on due process grounds, dismisses Trapp's due process claim as moot, and denies Trapp's petition insofar as it asserts such a claim.

## C.    Remaining Recommendations

Because neither party has objected to the remaining findings and recommendations, the court has reviewed those findings and recommendations for clear error and finds none.  Accordingly, the remainder of the R&R is adopted.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's Report-Recommendation and Order (Dkt. No. 17) is **REJECTED** insofar as it granted Trapp's petition for a writ of habeas corpus on due process grounds; and it is further

**ORDERED** that Magistrate Judge Treece's Report-Recommendation and Order (Dkt. No. 17) is otherwise **ADOPTED**; and it is further

**ORDERED** that Trapp's petition for a writ of habeas corpus is **DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk close this case and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 17, 2010
Albany, New York

*[signature]*
United States District Court Judge